UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN PAUL O'CONNOR,

    **Plaintiff,**

v.                                                              **Case No. 8:17-cv-1539-T-27JSS**

GEICO INDEMNITY COMPANY,

    **Defendant.**

_____/

## ORDER

**BEFORE THE COURT** are Defendant's Motion to Dismiss Counts I and II of Plaintiff's

Complaint with Prejudice (Dkt. 5) and Plaintiff's Motion to Abate Counts I and II (Dkt. 12). Both

motions are opposed. (Dkts. 11, 14). Upon consideration, Defendant's motion to dismiss (Dkt. 5)

is **GRANTED** *in part* and Plaintiff's motion to abate (Dkt. 12) is **DENIED**.

This case arises from an auto negligence lawsuit filed by Plaintiff against Defendant's

insured. (Complaint, Dkt. 2 at ¶ 10). The insurance policy provides, in pertinent part:

ADDITIONAL PAYMENTS WE WILL MAKE UNDER THE LIABILITY
COVERAGES

1. All investigative and legal costs incurred by us[.]

. . . .

4. We will upon request by an insured, provide reimbursement for the following
items.

. . . .

    (c) All reasonable costs incurred by an insured at our request.

(Florida Family Automobile Insurance Policy, Dkt. 2 at p. 15). The index of the policy lists "Legal

Expenses and Court Costs" as items that are covered under the Additional Payments Section. (*Id.* at p. 13). A Supplemental Final Judgment for Attorney's Fees and Costs was entered against Defendant's insured and in favor of Plaintiff pursuant to Florida's offer of judgment statute, FLA. STAT. § 768.79. (Supplemental Final Judgment, Dkt. 2 at p. 32). Defendant appealed the Supplemental Final Judgment, and that appeal is pending. (Notice of Appeal, Dkt. 5-1).

Plaintiff's Complaint against Defendant in this case asserts claims for declaratory judgment (Count I), breach of contract (Count II), and common law bad faith (Count III). (Complaint, Dkt. 2). Counts I and II assert that the insurance policy requires Defendant to pay the Supplemental Final Judgment entered against its insured. (*Id.* at ¶¶ 16, 21). Defendant removed the case to this Court based on diversity jurisdiction. (Notice of Removal, Dkt. 1). It moves to dismiss Counts I and II on the grounds that they are not ripe and the unambiguous language of the policy does not obligate it to pay the Supplemental Final Judgment. (Dkt. 5). In response to Defendant's motion to dismiss, Plaintiff admits that his claims are not yet ripe because of the pending appeal, but argues that the claims should be abated, rather than dismissed. (Dkt. 11). Plaintiff also filed the separate motion to abate Counts I and II. (Dkt. 12). Defendant opposes abatement, arguing that the proper remedy for Plaintiff's unripe claims is dismissal without prejudice. (Dkt. 14, p. 3 n.1).

Because Defendant's ripeness argument presents a jurisdictional question, it shall be addressed first.[1] "In diversity actions, the federal court must apply the substantive law of the state in which it sits, 'except in matters governed by the Federal Constitution or by act of Congress.' "

---

[1] After Defendant filed its motion to dismiss, the Florida Supreme Court issued its decision in *Government Emps. Ins. Co. v. Macedo*, No. SC16-935, 2017 WL 2981812 (Fla. July 13, 2017). The Court held in a case involving identical policy language that "the ambiguous Additional Payments section of the GEICO insurance policy must be construed to provide coverage for the costs and attorneys' fees awarded against [its insured] pursuant to the offer of judgment statute." *Id.* at *3. Defendant acknowledges the implications of that decision, but correctly points out that it is immaterial to the ripeness analysis.

*Trailer Bridge, Inc. v. Illinois Nat'l Ins. Co.*, 657 F.3d 1135, 1141 (11th Cir. 2011) (per curiam) (quoting *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). "[R]ipeness originate[s] from the Constitution's Article III requirement that the jurisdiction of the federal courts be limited to actual cases and controversies." *Elend v. Basham*, 471 F.3d 1199, 1204-05 (11th Cir. 2006) (citing *Flast v. Cohen*, 392 U.S. 83, 94-101 (1968)).

"If a claim is not ripe, the district court lacks jurisdiction to issue a ruling on the merits and therefore must dismiss that claim without prejudice." *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 805 (11th Cir. 2009) (per curiam) (citing *Georgia Advocacy Office, Inc. v. Camp*, 172 F.3d 1294, 1299 (11th Cir. 1999)). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998) (quotation marks omitted). Plaintiff acknowledges that his declaratory judgment and breach of contract claims are contingent on the Florida appellate court affirming the Supplemental Final Judgment, an event that may not occur as anticipated because the appellate court could reverse the judgment.[2] Counts I and II, therefore, must be dismissed without prejudice to Plaintiff to refile his declaratory judgment and breach of contract claims after he prevails in Defendant's appeal of the Supplemental Final Judgment.

Accordingly, Defendant's Motion to Dismiss Counts I and II of Plaintiff's Complaint with Prejudice (Dkt. 5) is **GRANTED** *in part* and Plaintiff's Motion to Abate Counts I and II of Plaintiff's Complaint (Dkt. 12) is **DENIED**. Counts I and II of Plaintiff's Complaint (Dkt. 2) are

---

[2] Plaintiff cites cases in which Florida courts held that abatement is an acceptable remedy for a premature claim. *See* (Motion to Abate, Dkt. 12 at pp. 2-3) (citing *Fridman v. Safeco Ins. Co. of Ill.*, 185 So. 3d 1214, 1229-30 (Fla. 2016); *Bierman v. Miller*, 639 So. 2d 627, 628 (Fla. Dist. Ct. App. 1994)). As noted, Florida law applies in this diversity action except for matters governed by the Federal Constitution, and ripeness is a jurisdictional requirement under the Constitution. Therefore, the Florida cases cited by Plaintiff do not govern Defendant's argument that Counts I and II must be dismissed without prejudice because they are not ripe.

DISMISSED *without prejudice*.

DONE AND ORDERED this __31st__ day of __October__, 2017.

_____
JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of record