UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN PAUL O'CONNOR,

    Plaintiff,

v.                                                                       Case No: 8:17-cv-1539-T-27JSS

GEICO INDEMNITY COMPANY,

    Defendant.
_____/

## ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Compel ("Motion") (Dkt. 20) and Defendant's Response in Opposition to Plaintiff's Motion to Compel (Dkt. 21). For the reasons the follow, Plaintiff's Motion is granted in part and denied in part.

## BACKGROUND

On May 23, 2017, Plaintiff brought this bad faith action against Defendant GEICO Indemnity Company ("GEICO") in the Circuit Court of the Sixth Judicial Circuit in Pinellas County, Florida. (Dkt. 2.) On May 23, 2017, GEICO removed this action to this Court pursuant to 28 U.S.C. § 1332(a). (Dkt. 1.) Plaintiff alleges that GEICO acted in bad faith in its handling of the bodily injury claim brought by Plaintiff against GEICO's insured Paul Wedmore arising from an automobile accident that occurred on January 26, 2012 ("underlying action"). (Dkt. 2.) After the accident, GEICO rejected Plaintiff's demand to tender the policy limits of Mr. Wedmore's policy on April 3, 2012. (Dkt. 20 at 2.) Plaintiff then sued Mr. Wedmore. (*Id*.) After a jury trial, partial final judgment was entered against Mr. Wedmore and in favor of Plaintiff, followed by a judgment for attorney's fees and costs against Mr. Wedmore. (Dkt. 2 ¶¶ 11–13.) Plaintiff now seeks a declaratory judgment against GEICO declaring that the insurance policy issued by GEICO

to Mr. Wedmore affords coverage for the judgment on attorney's fees and costs entered against Mr. Wedmore. (*Id.* ¶¶ 15–20.) Plaintiff also asserts claims for breach of contract and common law bad faith against GEICO. (*Id.* ¶¶ 21–33.)

On August 4, 2017, Plaintiff served GEICO with an Initial Request for Production. (Dkt. 20-13.) Request Number 5 sought a complete copy of the personnel files, from date of employment through 2013, of the following GEICO employees: (a) Altaira Hawkins; (b) any and all supervisors who supervised Altaira Hawkins in 2012; (c) Marcy Jenkosfky; (d) any and all supervisors who supervised Marcy Jenkofsky in 2012; (e) any other GEICO employees who evaluated or made recommendations regarding the settlement of Plaintiff's claims from the date of loss until January 2013. (Dkt. 20-13 at 3.) Additionally, Request Number 6 sought:

> A complete copy of any and all portions of GEICO's business plans for the Lakeland, Florida office for the years 2011 through 2013 which in any way discuss or relate to the following subject matter:
> (a) Average loss payments and/or severity for bodily injury liability coverages;
> (b) Evaluations, forecasts, and/or assumptions regarding conditions affecting the severity of bodily injury claims;
> (c) Negotiating with claimants and/or claimants' attorneys;
> (d) Good faith and/or bad faith claims handling;
> (e) Company profits and/or market share;
> (f) Evaluations of the quality of bodily injury liability claims handling; and
> (g) Bodily injury liability claims handling goals and methods to achieve those goals.

(*Id.* at 3–4.) GEICO served its responses on September 14, 2017, objecting to Requests 5 and 6. (Dkt. 20-14.) Plaintiff now seeks to compel the requested materials. (Dkt. 20.)

**APPLICABLE STANDARDS**

Courts maintain great discretion to regulate discovery. *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990). The court has broad discretion to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Through discovery, parties may obtain materials that are within the scope of discovery, meaning they are

nonprivileged, relevant to any party's claim or defense, and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The U.S. Supreme Court held that the term "relevant" in Rule 26 should encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351-52 (1978).

When the discovery sought appears relevant on its face, the objecting party carries the burden to show why the requests are improper and irrelevant. *Moss v. GEICO Indem. Co.*, 5:10-CV-104-OC-10TBS, 2012 WL 682450, at *4 (M.D. Fla. Mar. 2, 2012) ("The general rule is that the party objecting to a request for production has the burden to show specifically why the request is improper and not relevant."); *Nolan v. Integrated Real Estate Processing, LP*, 3:08-CV-642-J-34HTS, 2009 WL 635799, at *1 (M.D. Fla. Mar. 11, 2009) (stating that except where discovery is irrelevant on its face, the party opposing a motion to compel has the burden to show that the discovery request is improper, unreasonable, or burdensome); *see also Gober v. City of Leesburg*, 197 F.R.D. 519, 521 (M.D. Fla. 2000) ("The party resisting production of information bears the burden of establishing lack of relevancy or undue burden in supplying the requested information.") However, when relevancy is not apparent, the burden is on the party seeking discovery to show the relevancy of the discovery request. *Moss*, 5:10-CV-104-OC-10TBS, 2012 WL 682450, at *4.

**ANALYSIS**

Plaintiff contends the personnel files and business plans requested are relevant to his bad faith claim. (Dkt. 20.) In response, GEICO argues that the requested documents are irrelevant and that Plaintiff's requests are overly broad in time and scope. (Dkt. 21.)

A.  **Personnel Files**

In his Motion, Plaintiff withdraws part of Request Number 5 and his request for the personnel files of Marcy Jenkofsky and her supervisor "since the opportunity to settle was gone by the time she worked on the file." (Dkt. 20 at 6.) Plaintiff argues that the remaining requested personnel files are reasonably calculated to discover evidence of employee incentives, training, and competence. (*Id*. at 8.) Plaintiff further states that he "has reason to believe the personnel files will reveal that GEICO placed substantial emphasis on lowering claim payments, and its employees' performance was evaluated in significant part on their ability to maintain low claim payments." (*Id*. at 2.)

In support of his arguments, Plaintiff relies upon cases in which courts have granted similar requests for personnel files in bad faith claims. (*Id*. at 9.) Indeed, courts have found personnel files of insurance company employees who had more than a minimal involvement in adjusting a claim relevant and subject to discovery as they may contain the history of the employees' training, competence, evaluation, compensation, discipline, educational background, work duties, and hours of work. *Wiggins v. Gov't Employees Ins. Co.*, 3:16-CV-01142-TJC-MCR, 2017 WL 3720952, at *3 (M.D. Fla. July 10, 2017) (finding employee personnel files regarding job performance, compensation, evaluation, discipline, training, educational background, work duties, and hours of work discoverable and relevant to plaintiff's bad faith claim); *Maharaj v. GEICO Cas. Co.*, 289 F.R.D. 666, 672–73 (S.D. Fla. 2013), *aff'd*, 12-80582-CIV, 2013 WL 1934075 (S.D. Fla. Apr. 5, 2013) (granting plaintiff's motion to compel as to the personnel file of the adjuster who handled plaintiff's claim, while denying it as to adjusters who did not have more than incidental or minimal involvement in handling the claim); *Moss*, 5:10-CV-104-OC-10TBS, 2012 WL 682450, at *5 (allowing plaintiff to discover personnel files from adjusters who had more than

minimal involvement with plaintiff's claim and limiting the discovery to information "concerning the employees' training, competence, abilities, shortcomings, accolades and disciplinary history"); *Kafie v. Nw. Mut. Life Ins. Co.*, 11-21251-CIV, 2011 WL 4636889, at *2 (S.D. Fla. Oct. 6, 2011) (granting plaintiff's motion to compel personnel files of employees involved in the determination of the denial of benefits, "including information related to those employees' job performance, compensation, evaluation, discipline, training, educational background, work duties and hours of work"); *Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2:10-CV-753-FTM-36, 2011 WL 4596060, at *12 (M.D. Fla. Oct. 3, 2011) (compelling production of the personnel files for adjusters and supervisors who worked on plaintiff's claim); *Turner v. GEICO Indem. Co.*, No. 11–20546–CIV, 2011 WL 11769047, at *2 (S.D. Fla. Sept. 8, 2011) (finding "that information in the personnel files of the employees responsible for adjusting the claim are reasonably calculated to lead to the discovery of admissible evidence regarding the training, supervision and control of those GEICO employees; the competence of the employees assigned to this claim; GEICO's knowledge of their professional abilities or shortcomings; and the standards for evaluating an employee's performance").

In response, GEICO argues that Plaintiff is seeking personal and confidential information that is irrelevant to his bad faith claim. (Dkt. 21 at 11.) GEICO contends that whether personnel files are relevant and discoverable depends upon the facts of each case. (*Id*. at 13.) GEICO asserts that here, the personnel files are not relevant because "there is virtually no training information, and other than a reflection of raises in salary, there is nothing that discusses the criteria to be met for raises or other financial incentives." (Dkt. 21 at 16.) GEICO further contends that "the documents which reveal how GEICO handled [Plaintiff's] claim are contained in GEICO's claim

file and activity log, which have been produced to Plaintiff. The subject personnel files will not shed any further light on the manner in which GEICO handled this claim." (*Id.*)

Additionally, GEICO argues that performance reviews and evaluations would be inadmissible as subsequent remedial measures or improper propensity evidence pursuant to Federal Rules of Evidence 404(b) and 407. (Dkt. 21 at 18.) However, the Court finds this argument unpersuasive. Federal Rule of Civil Procedure 26(b) provides that "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Therefore, Plaintiff's Request Number 5 is not limited by whether or not the requested personnel files are admissible. *Turner*, 11-20546-CIV, 2011 WL 11769047, at *1 ("[T]he fact that certain responsive documents may not be admissible at trial under Federal Rules of Evidence 404(b) or 407 is irrelevant to the issue of whether they are discoverable.").

Upon consideration, the Court finds GEICO has not met its burden to show why Plaintiff's request is not relevant. "In Florida, the question of whether an insurer has acted in bad faith in handling claims against the insured is determined under the 'totality of the circumstances' standard." *Berges v. Infinity Ins. Co.*, 896 So.2d 665, 681 (Fla. 2005). Reasonable diligence and ordinary care are material in determining bad faith. *See Campbell v. Gov't Employees Ins. Co.*, 306 So. 2d 525, 530–31 (Fla. 1974). GEICO insists that there is no information in the requested documents regarding training or financial incentives. (Dkt. 21 at 16.) However, GEICO does not address precisely what is included in the personnel files other than admitting that the files contain information regarding salary raises. (*Id.*) Salary raises reflect the employees' compensation and may be relevant to the employees' competency and, therefore, are relevant to Plaintiff's claim. *See Wiggins*, 3:16-CV-01142-TJC-MCR, 2017 WL 3720952, at *3; *Moss*, 5:10-CV-104-OC-10TBS, 2012 WL 682450, at *4; *Kafie*, 11-21251-CIV, 2011 WL 4636889, at *2; *Turner*, 11-

20546-CIV, 2011 WL 11769047, at *2. The Court finds Plaintiff may discover information from the personnel files concerning the employees' competence, evaluation, compensation, discipline, educational background, work duties, and hours of work. *Id*.

However, the Court finds Plaintiff's request is overly broad in that it requests the personnel files of all of Ms. Hawkins' supervisors in 2012, without limitation to the claim at issue. (Dkt. 20 at 5.) Thus, Plaintiff's request is limited to Ms. Hawkins and only her supervisors that may be characterized as GEICO claims adjusters, representatives, and examiners who had more than a minimal involvement with Plaintiff's claim. *See Maharaj*, 289 F.R.D. at 672–73 (S.D. Fla. 2013), *aff'd*, 12-80582-CIV, 2013 WL 1934075 (S.D. Fla. Apr. 5, 2013); *Moss*, 5:10-CV-104-OC-10TBS, 2012 WL 682450, at *5; *Kafie*, 11-21251-CIV, 2011 WL 4636889, at *2; *Pepperwood*, 2:10-CV-753-FTM-36, 2011 WL 4596060, at *12.

With regard to the requested time period, Plaintiff originally requested personnel files from the date of employment through 2013. (Dkt. 20 at 5.) In his Motion, Plaintiff limits the request to a timeframe of "three years prior to the accident (2009) through the end of 2012, including any performance reviews issued in 2013 which review performance for 2012." (Dkt. 20 at 6.) The Court finds Plaintiff's requested timeframe appropriate. *See Wiggins*, 3:16-CV-01142-TJC-MCR, 2017 WL 3720952, at *3 (finding the timeframe of three years prior to the date of loss through the year the policy limits tender was rejected a proper limit for the requested personnel files); *Maharaj*, 289 F.R.D. at 673 (S.D. Fla. 2013), *aff'd*, 12-80582-CIV, 2013 WL 1934075 (S.D. Fla. Apr. 5, 2013) (compelling defendant to produce personnel files for the time period of three years prior to date of accident through the date of the underlying final judgment).

Last, GEICO argues that Plaintiff seeks "highly personal and confidential information." (Dkt. 21 at 18.) However, Plaintiff represents that the parties are negotiating a confidentiality

agreement to protect confidential material from disclosure outside of this case. (Dkt. 20 at 14); s*ee also Wiggins*, 3:16-CV-01142-TJC-MCR, 2017 WL 3720952, at *3 (overruling GEICO's objection to producing personnel files that could reveal confidential information and trade secrets as the plaintiff represented that the parties agreed to enter into a confidentiality agreement). Indeed, in the parties' Case Management Report, the parties state that the "will work toward agreeing to a proposed standing order of confidentiality for review and entry by the Court." (Dkt. 13 at 7.) Further, GEICO may redact personal information in the personnel files not relevant to the employees' competence, evaluation, compensation, discipline, educational background, work duties, and hours of work. This includes, but is not limited to, personal information such as medical information, life insurance, and investment information to the extent it does not reflect the compensation paid by GEICO to the employee. *Kafie*, 11-21251-CIV, 2011 WL 4636889, at *2. To the extent redactions are required, GEICO is directed to provide a redaction log identifying the author(s) of the document, the recipient(s) of the document, the subject matter of the information redacted in the document, the date of the document, and a specific explanation of the nature of the information. *Id*.

**B.     Business Plans**

In Request Number 6, Plaintiff seeks GEICO's business plans from 2011 through 2013 for the Lakeland, Florida office. (Dkt. 20 at 7.) Plaintiff specifically requests plans which in any way discuss or relate to: average loss payments; evaluations, forecasts, and/or assumptions regarding conditions affecting the severity of bodily injury claims; negotiating with claimants and/or claimants' attorneys; good faith and/or bad faith claims handling; company profits and/or market share; evaluations of the quality of bodily injury liability claims handling; and, bodily injury

liability claims handling goals and methods to achieve those goals. (*Id.*) In his Motion, Plaintiff limits the request to the years 2011 and 2012 only. (*Id.*)

In his Complaint, Plaintiff alleges that GEICO put "its own interests ahead of the interests of the insured." (Dkt. 2 ¶ 30(d).) Plaintiff further alleges that GEICO based "adjuster, manager, and supervisor salary raises, bonuses, and/or positive performance reviews on achieving average loss payment goals targeted to achieve company profit, rather than making payments based on the reasonably anticipated legal liability of the insured." (Dkt. 2 ¶ 31(ii).) Plaintiff now argues that the requested business plans are reasonably calculated to discover evidence of employee incentives to reduce claim payments. (Dkt. 20 at 10.)

Notably, Plaintiff does not address all of the information sought in Request Number 6, but instead only argues that GEICO's goals for average loss payments ("ALP") are relevant. Plaintiff contends that this Court has "determined the relevance of GEICO's business plans as they relate to GEICO's ALP goals and incentives." (*Id.*) In support of his arguments, Plaintiff relies partially on the bad faith case *Hines v. GEICO Indemnity Company* and the Court's determination there that GEICO's ALP incentives and goals were admissible. 8:14-CV-1062-T-24-TGW, 2016 WL 688050, at *3 (M.D. Fla. Feb. 19, 2016). GEICO argues that Plaintiff inaccurately characterizes the finding in *Hines* because the Court did not consider whether business plans were discoverable but instead considered the relevancy of expert testimony regarding GEICO's use of ALP metrics to incentivize adjusters. (Dkt. 21 at 7.) However, in *Hines*, GEICO sought to exclude "argument, testimony, and evidence regarding its alleged incentivizing of its adjusters to undervalue claims through the use of [ALP] metrics." *Hines*, 8:14-CV-1062-T-24-TGW, 2016 WL 688050, at *3. Thus, the information Plaintiff seeks in its Motion, GEICO's ALP goals and incentives, is the same type of information at issue in *Hines*. (See Dkt. 20 at 10.)

In its response, GEICO contends that its business plans are irrelevant to Plaintiff's claims. (Dkt. 21 at 5.) GEICO specifically argues that its business plans are inapplicable to the standard of care GEICO owes to an insured and its plans do not create a duty under Florida law. (*Id*. at 6.) GEICO also states that it documents ALP metrics to comply with administrative regulations and reporting requirements for insurance companies. (*Id*. at 5–6.)

GEICO further asserts that "ALP metrics track only the amount that each claim is actually settled for; it does not factor in the policy limits or the average settlement offer." (*Id*. at 5.) However, GEICO has previously made this argument to this Court. In *Hines*, GEICO argued that ALP tracks "settlements," not settlement offers, and because the claim at issue was not settled, ALP was irrelevant. 8:14-CV-1062-T-24-TGW, 2016 WL 688050, at *5. The Court in *Hines* found GEICO's argument disingenuous because "in order for there to be a settlement tracked by ALP, there must either be an offer made by GEICO or an offer accepted by GEICO, so ALP actually tracks 'accepted offers.'" *Id*. The Court found ALP metrics relevant since offers for settlement were made in that case. *Id*. Similarly, here, both Plaintiff and GEICO made offers of settlement prior to Plaintiff filing his complaint in the underlying action. (Dkt. 20 at 1–2.) Therefore, the Court finds GEICO's argument unpersuasive.

In light of the parties' arguments, the Court finds the requested ALP metrics relevant to Plaintiff's claim that GEICO put its own interests above those of its insured and that GEICO based employee compensation or reviews on achieving ALP goals targeted to achieve company profit. (Dkt. 2 ¶¶ 30(d), 31(ii).) Accordingly, GEICO shall produce the Lakeland, Florida office business plans reflecting ALP goals for the years 2011 and 2012. *See Gonzalez v. GEICO Gen. Ins. Co.*, 8:15-CV-240-T-30TBM, 2016 WL 7157551, at *3 (M.D. Fla. Dec. 8, 2016) ("Evidence of GEICO's business practices is also relevant under the totality of the circumstances."); *Gonzalez v.*

*GEICO Gen. Ins. Co.*, 8:15-CV-0240-T-30TBM, 2016 WL 7732312, at *2 (M.D. Fla. Apr. 27, 2016) (compelling GEICO to produce business plans reflecting ALP targets spanning three years as the information was relevant to plaintiff's bad faith claim); *Hines*, 8:14-CV-1062-T-24-TGW, 2016 WL 688050, at *3 (finding evidence of GEICO's alleged use of ALP metrics relevant in bad faith case).

The additional documents Plaintiff seeks in Request 6 do not appear relevant on their face. Plaintiff has not explained why the additional documents, aside from the documents related to GEICO's ALP metrics, are relevant and it appears to the Court that the additional documents have no bearing on the matters at issue in the case. *See Oppenheimer Fund, Inc.*, 437 U.S. at 351–52 (defining relevant evidence). Additionally, considering factors including the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit, the additional documents Plaintiff requests are not proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1) (discussing the scope of discovery and limitations related to proportionality).

Finally, GEICO contends that the requested ALP business plans are proprietary, trade-secret, and confidential. (Dkt. 21 at 8–10.) It claims that the business plans are trade secrets under Florida law and that Plaintiff has failed to make the requisite showing that his need for such information outweighs GEICO's need to maintain the confidentiality of its business plans. (*Id.*) To establish that information is trade secret, the party seeking protection must show that the information is consistently treated as closely guarded secrets, that the information represents substantial value to the party, that it would be valuable to the party's competitors, and that the information derives its value by virtue of the effort of its creation and lack of dissemination.

- 11 -

*Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313–14 (11th Cir. 2001). While GEICO generally addresses its "business plans," it does not specifically address whether ALP metrics are trade secret. As such, GEICO fails to make a showing that its ALP metrics qualify for trade secret protection. *See Gonzalez*, 8:15-CV-0240-T-30TBM, 2016 WL 7732312, at *2 (finding GEICO's argument that its business plans reflecting ALP targets are trade secret without merit). Nevertheless, the documents at issue may be the appropriate subject of a confidentiality agreement. *See Wiggins*, 3:16-CV-01142-TJC-MCR, 2017 WL 3720952, at *3. If it is warranted, the parties shall confer in an effort to reach an agreement to preserve the confidentiality of the documents produced pursuant to this Order.

Accordingly, it is

**ORDERED**:

1. Plaintiff's Motion to Compel (Dkt. 20) is **GRANTED** in part and **DENIED** in part, as stated herein.

2. Defendant shall supplement its response to Request Number 5 and produce the personnel files of Altaira Hawkins and only her supervisors that may be characterized as GEICO claims adjusters, representatives, and examiners, who had more than a minimal involvement with Plaintiff's claim, concerning the employees' competence, evaluation, compensation, discipline, educational background, work duties, and hours of work. Defendant's production shall be limited to the timeframe from 2009 through 2012, including any performance reviews issued in 2013 which review performance for 2012. To the extent redactions are required, Defendant is directed to provide a redaction log identifying the author(s) of the document, the recipient(s) of the

document, the subject matter of the information redacted in the document, the date of the document, and a specific explanation of the nature of the information.

3. Defendant shall also supplement its response to Request Number 6 and produce the Lakeland, Florida office business plans reflecting average loss payment goals for the years 2011 and 2012. Plaintiff's Motion is otherwise denied as to Request Number 6.

4. Defendant shall supplement its discovery responses and produce all responsive documents to Requests 5 and 6 as stated herein within twenty (20) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida, on March 21, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record