UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KEVIN PAUL O'CONNOR,

    Plaintiff,

v.                                                        Case No: 8:17-cv-1539-T-27JSS

GEICO INDEMNITY COMPANY,

    Defendant.
_____/

## **ORDER**

THIS MATTER is before the Court on Plaintiff's Unopposed Motion to Seal Documents ("Motion"). (Dkt. 29.) Plaintiff moves to file under seal Defendant's Lakeland claims office business plans reflecting average loss payment goals for the year 2011 in support of his Motion for *In Camera* Review on the basis that the documents contain confidential or sensitive information protected under the parties' confidentiality agreement. Defendant does not object to the filing of the documents under seal.

Under Local Rule 1.09, a party seeking to file any paper or other matter under seal must: (1) identify and describe each item proposed for sealing; (2) state the reason that filing each item is necessary; (3) state the reason that sealing each item is necessary; (4) state the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (5) state the proposed duration of the seal; and (6) provide a memorandum of legal authority supporting the seal. M.D. Fla. Local R. 1.09(a). No order sealing any item shall extend beyond one year, but a seal may be renewed upon filing a proper motion. M.D. Fla. Local R. 1.09(c).

Additionally, because "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern," "[m]aterial filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access," which includes the right to inspect and copy public records and documents. *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). However, "[t]his right of access is not absolute" and "may be overcome by a showing of good cause," taking into consideration the public interest in accessing court documents and the party's interest in keeping the information confidential. *Id.* at 1245–46. In particular, "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information." *Id.* at 1246.

Upon consideration, the Court finds that Plaintiff has met the requirements of Local Rule 1.09 and has shown good cause as to why Defendant's business plans should be filed under seal. Specifically, the items to be sealed are described in the Motion, and Plaintiff has adequately explained why the business plans must be filed under seal, as they contain confidential, proprietary, and sensitive financial and commercial information related to Defendant. *See Barkley v. Pizza Hut of Am., Inc.*, No. 6:14-CV-376-ORL-37DAB, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (granting a motion to file under seal documents that contained confidential information regarding the party's business operations and confidential and competitively sensitive information); *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-CV-399-ORL-40TBS, 2015 WL 5897743, at *1 (M.D. Fla. Oct. 7, 2015) ("A party's interest in the privacy of its financial records and the terms of confidential agreements oftentimes outweighs the public's right of access.").

Moreover, the information contained in the business plans, albeit confidential, is necessary to the resolution of Plaintiff's Motion for *In Camera* Review (Dkt. 28). As such, the Court finds good cause to permit the parties to file the business plans under seal to protect Defendant's

legitimate privacy and proprietary interests.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (providing that access may be denied where court files can be used as "sources of business information that might harm a litigant's competitive standing").  Accordingly, it is

**ORDERED**:

1. Plaintiff's Unopposed Motion to Seal Documents (Dkt. 29) is **GRANTED**.  Plaintiff is permitted to file, and the Clerk is directed to accept under seal, Defendant's Lakeland claims office business plans reflecting average loss payment goals for the year 2011 in support of Plaintiff's Motion for *In Camera* Review.

2. The documents identified above shall remain under seal until the final adjudication of this matter and resolution of all appeals, if any, but not to exceed one year.  If necessary, the parties may file appropriate motions to renew this Court's Order.

**DONE** and **ORDERED** in Tampa, Florida on June 25, 2018.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record